## STATE v. WEST.

Circuit Court, Marion County, Criminal Appeal.

January 18, 1958.

D. J. Bradshaw, Inverness, for appellant.

Gordon G. Oldham, Jr., State Attorney, Leesburg, for appellee.

CARROLL W. FUSSELL, Circuit Judge.

Appellant, Jesse Frank West, was convicted in the county judge's court on December 13, 1956 of driving a motor vehicle while under the influence of intoxicating liquor. The offense was alleged to have occurred on November 1, 1956.

There was no court reporter at the trial, and the record consists of—(1) a reported re-taking of the testimony before the official court reporter, the attorneys for both sides being present and the witnesses being asked to give substantially the same testimony as was given at the trial, (2) affidavits and counter-affidavits filed by the parties, and (3) the facts as stated by the findings of the court.

There is some doubt as to whether a large portion of this record is properly before the court, but the court has not failed to consider any part thereof favorable to the appellant in arriving at its decision.

The appellant in his brief presents three questions for review by this court, as follows—1. Does the offense upon which the defendant was tried, convicted and sentenced charge him with the offense of operating a motor vehicle while intoxicated under the laws of this state? 2. Is a defendant in a criminal case entitled to sufficient notice of the date of his trial so that he may arrange for counsel and the compulsory attendance of witnesses? 3. May the refusal of a defendant under arrest for the offense of driving while intoxicated to submit to a drunkometer test be used as evidence against him at the trial for such offense?

Appellant contends that section 860.01, Florida Statutes, provides that the accused to be guilty must be in an intoxicated condition or under the influence of intoxicating liquor to such an extent as to deprive him of *full possession* of his *normal faculties* (emphasis supplied), and that because the affidavit upon which he was tried states only that he was under the influence of intoxicating liquor or narcotic drugs to the extent that his normal faculties *were impaired,* it is insufficient and fails to charge any offense.

There appear to be two statutes making it unlawful to drive a motor vehicle while intoxicated, one being section 860.01, Florida Statutes, as quoted by appellant, and the other section 317.20, Florida Statutes. This offense was apparently charged and tried under the latter section, and the court finds the charge sufficient under this section.

The appellant next complains that he did not have sufficient notice of the date of his trial to arrange for counsel and compulsory attendance of his witnesses.

The record shows that the offense was committed on November 1, 1956 and was tried on December 13, 1956.

Attention is directed to the order entered by the trial judge denying the motion for new trial, wherein the court made certain findings. It appears from these findings that appellant was arrested on November first and posted his bond for appearance before the court on November 5th; that on that date he entered a plea of not guilty and requested delay of his trial until January 1, 1957; that the court declined to continue the case beyond the next regular term but continued the same bond, conditioned upon his appearance before the court on December 10th, advising him at that time that his case would be tried during the week beginning December 10th; that thereafter due notice was given to the appellant by the county prosecuting attorney requiring his appearance and that on December 6th his case would be set for trial; that thereafter appellant

requested by telephone of the county prosecuting attorney that he not be required to appear on December 6th and the prosecuting attorney agreed to advise him on December 7th of the exact date of the trial; that on December 7th and two or three occasions thereafter, the prosecuting attorney attempted to advise appellant of the time of the trial but that appellant could not be found or reached and absented himself from personal receipt of any messages from the prosecuting attorney; and that as a consequence appellant was not actually reached until December 12th and was then advised of the date of his trial on December 13th.

The record discloses that on December 13th appellant appeared for trial, and although some oral objections were made to proceeding with the trial, he was not represented by an attorney, made no request for a court reporter, and neither filed any written motion nor made any proper motion for a continuance or an adjournment of the time of trial.

The record discloses that appellant is an attorney at law and was either familiar with or could easily have become familiar with the procedure and time for trial in his case, that although he was notified on November 5th that his case would be tried during the week beginning November 10th, and was again later notified that by December 7th a definite date for trial would be assigned to his case, he made no attempt to obtain an attorney, no attempt to secure the services of a court reporter, no attempt to subpoena his witnesses, and no attempt to find out or determine the date of this case—and apparently absented himself from his office for approximately a week so that he could not be reached and notified of the time of trial.

It appears to this court that such action on the part of a defendant would prevent even a most ignorant or illiterate layman from successfully contending that he had been deprived of an opportunity to obtain counsel or to procure his witnesses by reason of not being informed of the date of trial. Certainly an attorney at law could not expect greater consideration on account of ignorance than could such a layman.

Outside of the above considerations, no motion appears in the record for any appearance or adjournment of the trial, the denial of which is here presented as error on the part of the trial judge.

The last question presented by appellant is "whether the refusal of a defendant under arrest for the offense of driving while intoxicated to submit to a drunkometer test may be used as evidence against him at the trial for such offense."

The record does not disclose that the defendant objected to the question, or moved to strike the answer. The first time the matter was raised was on the motion for a new trial.

The admissibility of this evidence was, therefore, waived by the appellant's failure to make any objection thereto. It is the opinion of this court that even if the question and answer were improper and proper objection should have been sustained thereto, it was harmless error—because the other evidence before the court was amply sufficient to uphold the conviction. This opinion is evidently concurred in by the trial court which heard the evidence and denied the motion for a new trial.

The assignments of error have not been sustained. The judgment of conviction is affirmed.